No. 25-6172

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

ANTHONY TRUPIA,

Plaintiff-Appellant,

v.

JOHN ROBERTS, on behalf of himself and
the Judges and Justices of the Federal Courts, *et al.*,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Oklahoma
No. 14-cv-07382
The Honorable Joe Heaton, Judge Presiding

---

## BRIEF FOR DEFENENDANTS-APPELLEES
## WILLIAM R. BAY AND AMERICAN BAR ASSOCIATION

---

JUSTIN A. HOUPPERT
First Deputy General Counsel
American Bar Association
321 N. Clark Street
Chicago, Illinois 60654
(312) 988-5284

No Oral Argument Requested

# TABLE OF CONTENTS

**Page**

JURISDICTIONAL STATEMENT ..........................................................................1

ISSUES PRESENTED.......................................................................................2

STATEMENT OF THE CASE.................................................................................3

SUMMARY OF ARGUMENT ..................................................................................6

ARGUMENT .................................................................................................6

  I.  The District Court Properly Dismissed the Complaint for Lack of Personal Jurisdiction ..........................................................................................6

  II.  The District Court Properly Dismissed the Complaint for Failure to State a Claim.................................................................................................9

  III. The District Court Properly Dismissed the Complaint without Allowing Leave to Amend Because Amendment Would Be Futile..............................12

CONCLUSION...............................................................................................14

RULE 28.2(A) ATTACHMENT ...........................................................................15

  Order Granting Motions To Dismiss....................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Suiters*,
    499 F.3d 1228 (10th Cir. 2007) ........................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................9

*Bronson v. Swensen*,
    500 F.3d 1099 (10th Cir. 2007) ........................................................7

*Case v. Fibreboard Corp.*,
    743 P.2d 1062 (Okla. 1987)............................................................10

*Colbert v. City of Chi.*,
    851 F.3d 649 (7th Cir. 2017) ...................................................... 9-10

*Estate of Burgaz v. Bd. of County Comm'rs*,
    30 F.4th 1181 (10th Cir. 2022) .........................................................9

*Hall v. Bellmon*,
    935 F.2d 1106 (10th Cir. 1991) ......................................................11

*Nat'l Collegiate Athletic Ass'n v. Tarkanian*,
    488 U.S. 179 (1988)........................................................................12

*OMI Holdings, Inc. v. Royal Ins. Co.*,
    149 F.3d 1086 (10th Cir. 1998) .................................................. 7-8

*Peterson v. Grisham*,
    594 F.3d 723 (10th Cir. 2010) ........................................................13

*Steed v. Bain-Holloway*,
    356 P.3d 62 (Okla. Civ. App. 2015)................................................10

**Statutes**

15 U.S.C. § 2 ................................................................................................ 1, 5

18 U.S.C. § 241 ........................................................................................... 1, 4

18 U.S.C. § 242 ........................................................................................... 1, 4

28 U.S.C. § 453 ........................................................................................... 1, 5

28 U.S.C. § 1331 ............................................................................................. 1

28 U.S.C. § 1343 ............................................................................................. 1

28 U.S.C. § 1367 ............................................................................................. 1

42 U.S.C. § 1983 ................................................................................. 1, 4, 5, 12

42 U.S.C. § 1985 .................................................................................... 1, 5, 12

## STATEMENT OF RELATED CASES

No prior or related appeals exist.

## JURISDICTIONAL STATEMENT

The jurisdictional statement of plaintiff-appellant Anthony Trupia is not complete and correct. Trupia sued defendants-appellees Chief Justice John Roberts, purportedly "on behalf of himself and the Judges and Justices of the Federal Courts"; William R. Bay ("Past President Bay"), purportedly "on behalf of himself and the members of the American Bar Association" ("ABA"); and Miles Pringle, purportedly "on behalf of himself and the members of the State Bar Associations." R. at 6.[1] Trupia alleged claims of conspiracy against rights pursuant to 18 U.S.C. § 241, deprivation of rights under color of law pursuant to 18 U.S.C. § 242, deprivation of rights pursuant to 42 U.S.C. § 1983, conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985, deprivation of rights by federal officials pursuant to 42 U.S.C. § 1983, breach of judicial oaths pursuant to 28 U.S.C. § 453, monopolizing trade pursuant to 15 U.S.C. § 2, and common-law unjust enrichment. R. 55-58. The district court had jurisdiction over Trupia's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over any state-law claim of unjust enrichment pursuant to 28 U.S.C. § 1367.

Past President Bay and the ABA moved to dismiss the claims against them for lack of personal jurisdiction and failure to state a claim pursuant to Federal Rules

---

[1] Appellees Past President Bay and the ABA cite pages of the single-volume record on appeal as R. at __.

of Civil Procedure ("Rules") 12(b)(2) and 12(b)(6).[2]  R. at 63-68.  Pringle moved to dismiss the claims against him for failure to state a claim pursuant to Rule 12(b)(6).  R. at 70-79.  The district court granted both motions and dismissed the complaint against Past President Bay and Pringle.  R. at 143-45.  The court also sua sponte dismissed the complaint against Chief Justice Roberts.  *Id.* at 144 n.2.  The district court entered judgment under Rule 58 on September 30, 2025.  On October 28, 2025, Trupia filed a notice of appeal.  R. at 147-48.  This court has jurisdiction over the appeal from a final judgment pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED

1.    Whether the district court properly dismissed the complaint against Past President Bay and the ABA for lack of personal jurisdiction pursuant to Rule 12(b)(2) because Trupia failed to allege any facts establishing general or specific personal jurisdiction over Past President Bay or the ABA in Oklahoma.

2.    Whether the district court properly dismissed the complaint against Past President Bay and the ABA for failure to state a claim pursuant to Rule 12(b)(6)

---

[2] The complaint did not name the ABA as a defendant in the caption, and Trupia served a summons and copy of the complaint only on Past President Bay. Nonetheless, the complaint identified Past President Bay and the ABA as parties. R. at 8-9.  Although it is unclear whether Trupia named the ABA as a defendant or properly served it, the ABA sought dismissal of any claims against it to the extent that such claims existed.  R. at 63 n.1.  The ABA now asks this court to affirm the district court's dismissal of the complaint in its entirety, R. at 144, including any claims against the ABA.

because the complaint failed to allege any conduct by Past President Bay or the ABA that gives rise to a claim upon which Trupia could recover.

3.      Whether the district court properly exercised its discretion to dismiss the complaint without leave to amend because amendment would be futile.

## STATEMENT OF THE CASE

**Trupia.**  Trupia is a resident of Oklahoma City, Oklahoma.  R. at 7-8.  He is also a self-described "angry consumer" who has filed more than 700 complaints with various consumer-protection agencies regarding "corporate malfeasance." *Id.*

**The ABA and Past President Bay.**  The ABA is an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois.  R. at 63.  The ABA has no offices or employees in Oklahoma.  *Id.*  The ABA is a voluntary professional association of lawyers nationwide.  *Id.*  The ABA plays no role in promulgating the Federal Rules of Civil Procedure, managing the federal courts' e-file system, or licensing or disciplining attorneys.  *Id.* at 64.  The ABA promulgates Model Rules and Codes.  *Id.*  States and courts decide whether to adopt any of those Model Rules or Codes and to make their own versions of them binding upon attorneys or judges.  *Id.*

Past President Bay is an attorney who formerly served as the ABA's President.  R. at 64.  Past President Bay lives and primarily practices law in Missouri.  *Id.*  He has no place of residence or office in Oklahoma.  *Id.*  Trupia apparently named Past

3

President Bay a defendant because, at the time of filing the complaint, Past President Bay was serving as president of the ABA for a one-year term. *Id.*

**The Lawsuit.** On June 9, 2025, Trupia filed a complaint against Past President Bay, purporting to name him as representative of a "class" of unidentified defendant ABA members. R. at 8-9. The complaint also named the ABA as a party and identified ABA members as a purported "defendant class." *Id.* Trupia also named Chief Justice John Roberts, as a purported representative of a "class" of unidentified defendant judges and named then-Oklahoma Bar Association President Miles Pringle as a purported representative of a "class" of unidentified defendant state bar members. *Id.* Trupia alleged that these various classes of defendants had created barriers to the exercise of his rights to access courts and receive a jury trial "by upholding restrictive FRCP rules, denying e-file to non-attorneys, and shielding attorneys from discipline." *Id.* at 38. Trupia alleged extensive details about prior lawsuits that he has filed against other defendants and the actions of lawyers and judges in those other cases and about lawsuits that he wishes to file in the future against other defendants and the actions of judges and lawyers that he expects to encounter in those future cases. R. 36-52.

Based on those allegations, Trupia asserted claims of conspiracy against rights pursuant to 18 U.S.C. § 241, deprivation of rights under color of law pursuant to 18 U.S.C. § 242, deprivation of rights pursuant to 42 U.S.C. § 1983, conspiracy to

interfere with civil rights pursuant to 42 U.S.C. § 1985, deprivation of rights by federal officials pursuant to 42 U.S.C. § 1983, breach of judicial oaths pursuant to 28 U.S.C. § 453, monopolizing trade pursuant to 15 U.S.C. § 2, and common-law unjust enrichment. R. at 55-58. Trupia asked the district court to enjoin the defendants from engaging in "illegal" practices; award him $5,000,000 in damages; overrule *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); eliminate Rule 12(b)(6) and modify statutes, professional rules of conduct, and the Rules to place limits on the use of dispositive motions; order defendants to advise other members of the alleged "LEGAL CLASS" of limitations on Rule 12(b) motions; order defendants to make e-filing and CM/ECF access available to unrepresented litigants across all jurisdictions; and order defendants to provide meaningful court access to all litigants. R. at 59-60.

Past President Bay and the ABA moved to dismiss the claims against them for lack of personal jurisdiction and failure to state a claim pursuant to Rules 12(b)(2) and 12(b)(6). R. at 63-68. Pringle moved to dismiss the claims against him for failure to state a claim pursuant to Rule 12(b)(6). R. at 70-79. The district court granted both motions and dismissed the complaint in its entirety, R. at 143-45, including sua sponte dismissing the complaint against Chief Justice Roberts, *id.* at 144 n.2. Trupia now appeals. R. 147-48.

## SUMMARY OF ARGUMENT

This court should affirm the dismissal of the complaint against the ABA and Past President Bay. The district court properly dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) because the ABA and Past President Bay are non-Oklahoma residents and Trupia alleged no facts that would give a federal court in Oklahoma personal jurisdiction over the ABA or Past President Bay. The district court also properly dismissed the complaint against the ABA and Past President Bay pursuant to Rule 12(b)(6) because the complaint failed to plead any facts involving conduct by the ABA or Past President Bay that could support any claim upon which the court can grant Trupia relief. In addition, the district court properly exercised its discretion to dismiss the complaint against the ABA and Past President Bay without leave to amend because any amendment would be futile.

## ARGUMENT

### I.    The District Court Properly Dismissed the Complaint for Lack of Personal Jurisdiction.

The district court properly dismissed Trupia's complaint against the ABA and Past President Bay for lack of personal jurisdiction pursuant to Rule 12(b)(2) because the ABA and Past President Bay are non-Oklahoma residents and Trupia alleged no facts that would give a federal court in Oklahoma personal jurisdiction over the ABA or Past President Bay. This court reviews de novo dismissal for lack

of personal jurisdiction based on the face of a complaint. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

A plaintiff bears the burden of establishing a court's personal jurisdiction over a defendant. *OMI Holdings, Inc.*, 149 F.3d at 1091. This requires pleading facts to demonstrate that a court has either general jurisdiction over a defendant due to the defendant's "continuous and systematic general business contacts" within the state, *id.* (internal quotation marks omitted), or specific jurisdiction because the defendant "has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities,'" *id.* (internal quotation marks omitted). When a district court decides the issue of personal jurisdiction on the face of the pleadings, a plaintiff need only make a prima facie showing of personal jurisdiction. *Id.*

At the outset, this court need not consider the merits of the district court's dismissal for lack of personal jurisdiction, R. 144, because Trupia failed to address it in his opening brief, and "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue," *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). This court should affirm dismissal for lack of personal jurisdiction due to forfeiture alone.

On the merits, the dismissal for lack of personal jurisdiction was proper. Where a plaintiff seeks to establish a court's general jurisdiction, "courts impose a

more stringent minimum contacts test" because "general jurisdiction is not related to the events giving rise to the suit." *OMI Holdings, Inc.*, 149 F.3d at 1091 (internal quotation marks omitted). Trupia's complaint did not allege any continuous and systematic business contacts by the ABA or Past President Bay that would grant a court in Oklahoma general jurisdiction over them, and no such contacts exist because neither the ABA nor Past President Bay maintains any permanent or regular business presence in the State.

Trupia also alleged no minimum contacts that would establish specific jurisdiction over either the ABA or Past President Bay in Oklahoma. Trupia alleged no facts underlying this lawsuit involving conduct by the ABA or Past President Bay in Oklahoma; indeed, Trupia alleged no conduct by the ABA or Past President Bay in Oklahoma at all. Rather, Trupia appears to seek to hold the ABA and Past President Bay liable for alleged conduct by other legal professionals in relation to other lawsuits in which neither the ABA nor Past President Bay played any role. *See* R. 36-52.

As a result, this court should affirm the dismissal of the complaint against the ABA and Past President Bay for lack of personal jurisdiction. [3]

---

[3] If a plaintiff pleads facts to establish sufficient minimum contacts, a court proceeds to a related, but separate, consideration whether "exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case. *OMI Holdings, Inc.*, 149 F.3d at 1091. Because Trupia pled

## II. The District Court Also Properly Dismissed the Complaint for Failure to State a Claim.

This court should also affirm dismissal of the complaint against the ABA and Past President Bay pursuant to Rule 12(b)(6) because the complaint fails to state any claim upon which the court can grant Trupia relief. This court reviews dismissal pursuant to Rule 12(b)(6) de novo. *Estate of Burgaz v. Bd. of County Comm'rs*, 30 F.4th 1181, 1185 (10th Cir. 2022). "To survive a motion to dismiss, a complainant must allege facts that, if true, state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As explained above, the complaint alleged nowhere that the ABA or Past President Bay committed any actionable conduct against Trupia. Rather, Trupia alleged acts by numerous <u>other</u> legal professionals, which he claimed interfered with his rights in <u>other</u> cases, *see* R. 36-52, and sought to hold the ABA and Past President Bay, on behalf of a purported class of other ABA members, collectively liable for those acts by others, *see id.* at 8-9, 38.

Trupia's claims fail as a matter of law because liability based on "collective punishment . . . is not . . . a part of our law." *Colbert v. City of Chi.*, 851 F.3d 649,

---

no facts that establish minimum contacts, this brief does not address the reasonableness analysis.

659 (7th Cir. 2017) (internal quotation marks omitted). Rather, fundamental principles of due process require a plaintiff to establish "some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." *Steed v. Bain-Holloway*, 356 P.3d 62, 68 (Okla. Civ. App. 2015) (holding unconstitutional a statute that imposed collective liability on drug dealers without proof that a particular dealer supplied the drugs that harmed plaintiff) (internal quotation marks omitted). That is because "[i]mposing liability on a person regardless of whether that person's conduct is the cause of the injury is arbitrary." *Id.* For this reason, attempts to hold defendants collectively liable rather than requiring proof of individual causation have "been met with consistent disapproval." *Case v. Fibreboard Corp.*, 743 P.2d 1062, 1064 (Okla. 1987) (rejecting market-share and alternative-liability theories for holding manufacturers collectively liable).

Trupia's complaint contained not a single allegation of any conduct by the ABA or Past President Bay that caused Trupia harm, and Trupia cannot as a matter of law seek to hold the ABA, Past President Bay, or any purported class of unidentified ABA members collectively liable for conduct by other legal professionals. As a result, this court should affirm dismissal of the complaint against the ABA and Past President Bay for failure to state a claim upon which relief can be granted.

Trupia offers no reason to disturb the district court's ruling. He first asserts that the district court erred "by failing to liberally construe the pro se complaint." Trupia Br. at 9. As this court has explained, liberal construction of a pro se complaint does not require a court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* As explained above, Trupia failed to allege any facts setting forth any conduct at all by the ABA or Past President Bay that could form the basis of a recognized legal claim.

Trupia next asserts that the "complaint adequately states plausible claims under the Sherman Antitrust Act by alleging that the defendants have engaged in a conspiracy to monopolize legal services through exclusionary practices such as bar accreditation, examinations, and other gatekeeping mechanisms that prevent non-lawyers from competing and artificially inflate costs for consumers like the plaintiff." Trupia Br. at 11. Tellingly, Trupia cites not a single specific allegation of his complaint that identified any fact relating to the ABA's or Past President Bay's having engaged in any such monopolistic conduct. That is because the complaint was entirely devoid of any such allegations. The complaint instead recounted at length conduct by other lawyers and judges in other cases, which Trupia alleged has harmed him. R. 36-52.

Trupia also asserts that the "complaint sufficiently states plausible civil rights claims under 42 U.S.C. §§ 1983 and 1985." Trupia Br. at 13. At the outset, Trupia's Section 1983 claim against the ABA and Past President Bay fails as a matter of law because neither the ABA nor Past President Bay is a state actor nor does Trupia allege that they were acting under color of state law. *See, e.g., Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) ("When Congress enacted § 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred 'under color of' state law."). More broadly, Trupia cites not a single complaint allegation establishing specific conduct by the ABA or Past President Bay that purportedly violated Trupia's civil rights. Rather, he relies on "specific factual allegations drawn from the plaintiff's personal experiences, such as the dismissal of his Telephone Consumer Protection Act cases and the chilling effect on future filings, as well as broader data on the decline in civil jury trials that demonstrates a pattern of denial." Trupia Br. at 13. But the complaint nowhere alleged that the ABA or President Bay engaged in conduct that caused any of those purported harms.

## III. The District Court Properly Dismissed the Complaint without Allowing Leave to Amend Because Amendment Would Be Futile.

The district court properly dismissed the complaint in its entirety and properly struck Trupia's motion to amend as moot. R. at 144. Although the district court did not expressly explain its reasoning for dismissing without leave to amend, that

decision was well within the court's discretion because "[a] district court may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). This court generally reviews a district court's decision to deny leave to amend for abuse of discretion, but "when the denial is based on a determination that amendment would be futile . . . review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010) (internal quotation marks omitted).

Trupia's motion to amend sought only to substitute a new President of the Oklahoma Bar Association for the prior President whom the complaint had named as a defendant. R. at 81. At no point after the ABA and Past President Bay moved to dismiss for lack of personal jurisdiction and failure to state a claim did Trupia seek to amend to add new facts that would have cured the defects in his claims against the ABA and Past President Bay. Notably, even in his opening brief on appeal, Trupia offers no suggested amendments that could cure those defects. *See* Trupia Br. at 17-19. That is because the essence of Trupia's complaint against the ABA and Past President Bay is an attempt to hold them liable for the conduct of other judges and attorneys, which he alleges harmed him. No amendment would allow Trupia to conjure into being specific conduct by the ABA or Past President Bay that contributed to those alleged harms in which they did not participate, and, accordingly, any attempt at amendment would be futile.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

s/Justin A. Houppert

JUSTIN A. HOUPPERT
First Deputy General Counsel
American Bar Association
321 N. Clark St.
Chicago, Illinois 60654
(312) 988-5284
justin.houppert@americanbar.org

*Attorney for William R. Bay and*
*American Bar Association*

**RULE 28.2(A) ATTACHMENT**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-25-0621-HE |
| | ) | |
| JOHN ROBERTS, on behalf of himself | ) | |
| and the Judges and Justices of the Federal | ) | |
| Courts, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

In this case, plaintiff Anthony Trupia, proceeding *pro se*, challenges various aspects of the United States legal system.  He purports to assert class action claims against all federal judges and all lawyers, and has named as representative defendants Chief Justice John Roberts and the current leaders of the American Bar Association and the Oklahoma Bar Association.  In general, he contends the "legal class" has acted to prevent people like him from having meaningful access to the courts.  More specifically, he contends that <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) was wrongly decided, that it's plausibility standard for pleading sufficiency unreasonably restricts access to the courts, and that motions to dismiss are overused or abused as a result.  He also objects to current standards for the removal of cases from state to federal court, with particular concern for the removability of cases arising under the Telephone Consumer Protection Act, 47 U.S.C.

§227.[1]   Based on these and other considerations, the complaint purports to state multiple claims all directed to vindicating what Mr. Trupia sees as violation of his rights under the 7th Amendment to the U.S. Constitution.

The presidents of the ABA and the OBA have moved to dismiss on various jurisdictional or substantive grounds.  The court concludes the motions should be granted and this case dismissed in its entirety.[2]

Whether <u>Twombly</u> was correctly decided has, obviously, been resolved by the Supreme Court in that case.  Further, issues such as whether motions to dismiss were properly granted in a particular case or whether particular cases are properly removable are ones to be resolved in those cases, not via some free-floating attack on legal procedures generally in a separate case, even one purportedly brought as a class action.   If plaintiff objects to the disposition of particular cases, his remedy is to appeal the disposition in the particular case.

The court concludes the complaint here fails to state a claim.    The moving defendants' motions to dismiss [Doc. Nos. 9 & 11] are **GRANTED** and this case is **DISMISSED** in its entirety.  Plaintiff's motion to amend his complaint to substitute the current OBA president [Doc. # 15] is **STRICKEN** as **MOOT**.

---

[1] *Plaintiff has filed other cases in this court under the Act:* <u>Trupia v. Bob Moore Enterprises, L.L.C.</u>, *CIV-25-568-HE, and* <u>Trupia v. Heritage Hard Assets</u>, *LLC, CIV-24-498-J.  The cases have been dismissed on various grounds.*

[2] *Although Chief Justice John Roberts has not yet entered an appearance, the court "may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him the opportunity to amend his complaint would be futile."* <u>Hall v. Bellmon</u>, *935 F.2d 1106, 1110 (10th Cir. 1991) (quotation marks and citation omitted).*

**IT IS SO ORDERED**.

Dated this 30th day of September, 2025.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(a)(7)(C), I certify that the foregoing brief complies with the type-volume limitation provided by Fed. R. App. P. 32(a)(7)(B)(i). This brief contains 3,263 words, beginning with the words "Jurisdictional Statement" and ending with the words "Respectfully submitted" in the Conclusion section, as recorded by the word count of the Microsoft Word word-processing system used to prepare the brief.

s/ Justin A. Houppert
JUSTIN A. HOUPPERT, Attorney

# CERTIFICATE OF SERVICE

I certify that on February 12, 2026, I electronically filed the attached Brief of Defendants-Appellees with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. I certify that, for all participants in the case who are registered CM/ECF users, service will be accomplished by the CM/ECF system. In addition, I certify that I served the foregoing Brief on plaintiff-appellant Anthony Trupia by placing a copy in the United States mail with prepaid postage addressed to:

Anthony Trupia
605 SE 21st St.
Oklahoma City, Oklahoma 73129

s/ Justin A. Houppert
JUSTIN A. HOUPPERT, Attorney
